IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. EIKEY and CHERYL EIKEY, husband and wife,<br>      Plaintiffs,<br><br>      v.<br><br>EMERALD COAL RESOURCES, L.P., f/k/a RAG EMERALD RESOURCES, L.P., and PENNSYLVANIA LAND HOLDINGS CORPORATION, collectively, t/d/b/a EMERALD MINE<br>      Defendants. | Civil Action No. 06-121 |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                                     November 30, 2006

      This is a tort action. Plaintiff, William Eikey, alleges that defendants, Emerald Coal Resources, L.P., f/k/a/ RAG Emerald Resources, L.P., and Pennsylvania Land Holdings Corporation, collectively t/d/b/a Emerald Mine negligently allowed snow and ice to accumulate on its premises, causing plaintiff to slip and fall. Plaintiff Cheryl Eikey is suing for loss of consortium. Plaintiffs seek monetary damages. Defendants have filed a motion for summary judgment arguing that they did not owe plaintiffs a duty of care. Defendants further argue that Mr. Eikey assumed the risk associated with walking on ice, thereby precluding recovery. Finally, defendants argue that Pennsylvania's "hills and ridges" doctrine bars recovery in this case.

      For the reasons set forth below, the motion will be denied.

I.  BACKGROUND

Unless otherwise specifically indicated, the following material facts are undisputed. Plaintiffs, Mr. and Mrs. Eikey reside in Raleigh, North Carolina. At the time of Mr. Eikey's injury, he worked for Fairmont Supply Company in Pennsylvania. Fairmont Supply Company sells safety equipment to various facilities, including defendants' facility. As part of his job duties, Mr. Eikey traveled to defendants' premises to take inventory of defendants' safety cabinet and re-stock it with any necessary supplies.

On February 3, 2004, Mr. Eikey visited defendants' premises on one of his regular sales calls. Mr. Eikey parked in the side parking lot in his regular parking space. Mr. Eikey then exited his vehicle and when he approached the back of his vehicle, he slipped and fell.

II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49.

### III. DISCUSSION

Defendants have moved for summary judgment on the grounds that they did not owe Mr. Eikey a duty of care, and that Pennsylvania's "hills and ridges" doctrine preclude plaintiff from recovering in this suit. Additionally, defendants contend that any dangerous condition was obvious to Mr. Eikey, therefore he assumed any risk posed by the icy parking lot.

Plaintiffs contend that Mr. Eikey was a business invitee and as such, defendants had a duty to protect or warn against physical harm by a dangerous condition, like an icy parking lot.

Further, plaintiffs contend that Mr. Eikey either fell on a localized patch of ice, which would make the "hills and ridges" doctrine inapplicable, or that the ice on the parking lot had in fact accumulated into a hill or ridge. Plaintiffs further assert that there is a dispute of material fact with regards to the conditions of the parking lot. The court finds that there is a dispute of material facts that precludes summary judgment.

A. Duty of Care

We first address the issue of whether Mr. Eikey was a licensee, as defendants assert, or a business invitee like plaintiff contends. The Pennsylvania Supreme Court has adopted the Restatement (Second) of Torts with regard to licensees and invitees, and the duty of care owed to each. See Vanic v. Ragni, 435 Pa. 26, 32 (Pa. 1969). A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent. Restatement (Second) Torts § 330. A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Restatement (Second) Torts § 332. The restatement makes clear that one who comes upon land not open to the public, for a purpose connected with business which the possessor conducts upon the land is a business visitor or invitee.

4

The parties do not dispute that Mr. Eikey was on defendants' premises for the purpose of re-stocking a safety cabinet that is part of defendants' business. Defendants do not allege that the land was open to the public and they do not deny that Mr. Eikey's purpose for being on the land was connected with the business which defendants conduct upon the land. Therefore, it is clear that Mr. Eikey was a business invitee.

However, defendants argue that even if Mr. Eikey was a business invitee, they are not liable for any harm because the dangerous condition of the parking lot was obvious. Defendants allege that Mr. Eikey assumed the risk of walking on ice. Under Pennsylvania law, possessors of land are not subject to liability to their invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor of land should anticipate the harm despite such knowledge or obviousness. <u>Restatement (Second) Torts § 343</u>. Therefore, according to defendants, Pennsylvania law does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious and discovered by their invitee.

Defendants further assert that the facts in this case are identical to <u>Carrender v. Fitterer</u>, 503 Pa. 178 (Pa. 1983). In that case, the Supreme Court of Pennsylvania held that the

5

plaintiff assumed the risk of walking on ice. Therefore, the plaintiff was no longer owed a duty of care. However, the facts of that case differ from the instant case in a material sense. In Carrender, the plaintiff testified that there were other parking spaces available not covered in ice. The court held that when she decided to park and walk on the icy part of the parking lot, she assumed the risks associated with doing so. Such are not the facts of this case.

Accordingly, defendants' motion for summary judgment based on a theory of "assumption of risk" must be denied.

B. Hills and Ridges doctrine

Pennsylvania employs the "hills and ridges" doctrine when dealing with torts related to generally icy conditions. Under this doctrine, in order to recover for a fall on snow and ice, a plaintiff must prove (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused plaintiff to fall. "Absent proof of all such facts, a plaintiff has no basis for recovery." Rinaldi v. Levine, 406 Pa. 74, 78-79 (Pa. 1962)

Defendants allege that there were no hills or ridges but only generally slippery conditions when Mr. Eikey fell. Therefore, they argue, plaintiffs cannot recover. Plaintiffs allege that they have presented enough facts to preclude summary judgment on this issue.  Mr. Eikey testified in his deposition that the ice had "built up pretty high."  He then went on to testify that the ice "dropped off to the road base real quick...it dropped immediately off and that's where I slipped. When I took my step I hit that and it went out like a ski slope." We find that this creates a material dispute as to whether the ice had accumulated enough to form a hill or ridge.  This issue of fact must be decided by a jury.

Accordingly, defendants' motion for summary judgment must be denied.

IV. <u>Conclusion</u>

Defendants' motion for summary judgment is denied. The appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

WILLIAM E. EIKEY and CHERYL )
EIKEY, husband and wife, )
      Plaintiffs, )
       )
   v. ) Civil Action No. 06-121
       )
EMERALD COAL RESOURCES, L.P., )
f/k/a RAG EMERALD RESOURCES, )
L.P., and PENNSYLVANIA LAND )
HOLDINGS CORPORATION, )
collectively, t/d/b/a EMERALD )
MINE, )
      Defendants. )

## O R D E R

Therefore, this 30th day of November, 2006, IT IS HEREBY ORDERED that DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [document #21] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record