IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA – PITTSBURGH DIVISION

| | |
|---|---|
| WILLIAM E. EIKEY and CHERYL EIKEY, husband and wife, | C.A. No.: 2:06-CV-121 |
| Plaintiffs, | The Honorable Gary L. Lancaster |
| v. | Electronic Filing |
| EMERALD COAL RESOURCES, L.P., f/k/a RAG EMERALD RESOURCES, L.P., and PENNSYLVANIA LAND HOLDINGS CORPORATION, collectively, t/d/b/a EMERALD MINE, | |
| Defendants. | |

## ORDER OF COURT

In this action the plaintiffs seek the recovery of damages for injuries suffered by William E. Eikey on February 3, 2004 when he allegedly slipped and fell on ice in the parking area of the defendants' premises. The plaintiffs' Pre-Trial Narrative Statement was filed on December 11, 2006. Therein, the plaintiffs identified two medical expert witnesses, and purported to attach reports of these experts thereto.

The defendants, Emerald Coal Resources, L.P., f/k/a RAG Emerald Resources, L.P., and Pennsylvania Land Holdings Corporation, collectively, t/d/b/a/ Emerald Mine ("Emerald"), have moved to compel the plaintiffs to file supplemental medical expert reports, and depending on the content of such reports, permit the defendants' counsel to take the depositions of the plaintiffs' medical experts. The defendants further request that the Court extend the time for the filing of a defense medical expert report. The motion will be GRANTED.

The plaintiffs' Pre-Trial Narrative Statement identifies two medical expert witnesses, Dr. William Hennessey, apparently a doctor of physical medicine, and Dr. Stephen Bloomfield,

1

apparently a neurosurgeon. The plaintiff is hereby directed to provide reports of each witness setting forth with particularity the precise opinions proposed to be expressed by these physicians during the trial of the case. It is further ORDERED that such medical expert reports otherwise comply with the requirements of Local Rule 16.1.4.A, and Rule 26(a)(2) F.R.C.P., and must include the basis and the reasons for their opinions, the data or other information considered by these medical expert witnesses in formulating their opinions. Moreover, the reports must include the qualifications of these witnesses, the compensation to be paid to these medical experts for their study and testimony, and a listing of any other cases in which the have testified recently, as required by Rule 26(a)(2), F.R.C.P.

In particular, the Court directs that reports set forth with particularity the particular injuries, conditions, maladies that each expert will opine are causally related to the slip and fall accident, and the basis for each such opinion. The Court further ORDERS the plaintiff to submit supplemental medical expert reports from the two designated medical experts that indicate what health care costs and expenses, if any, are attributable to injuries received by William Eikey in the slip and fall accident, and the basis for their opinions with respect thereto.

Within ten (10) days after service of such supplemental expert reports, counsel for the defendants shall make an election whether to take the depositions of the plaintiffs' two medical experts, Dr. Bloomfield and/or Dr. Hennessey. If counsel elects to take their depositions, upon notice to plaintiffs' counsel, the depositions shall be scheduled for a mutually agreeable time, the defendants shall compensate the plaintiffs' medical experts for time spent testifying at deposition at a reasonable hourly rate consistent with prevailing rates in the western Pennsylvania area for medical expert testimony.

Further, the defendants shall file a report of their defense medical expert, Dr. Richard Kasdan, within ten (10) days after the conclusion of the depositions of the plaintiffs' medical experts, unless counsel for the defendant elects not to take depositions, in which case Dr. Kasdan's report shall be filed within ten (10) days after such election.

Date: 2/8/07

_____ J.
The Honorable Gary L. Lancaster